**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN BRIAN TURNER, | No. 17-15538 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-05176-CRB |
| v. | |
| MELODY SMITH, in her Individual and Official Capacity as Parole Officer; GREGORY SIMS, in his Individual and Official Capacity as Assistant Parole Supervisor; JOHN BENT, in his Individual and Official Capacity as Parole Supervisor; BRETT EVERIDGE, in his Individual and Official Capacity as Parole Officer, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted April 11, 2018
San Francisco, California

Before: KLEINFELD, W. FLETCHER, and FISHER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Stephen Turner ("Appellant") appeals the district court's summary judgment in his 42 U.S.C. § 1983 action against parole officials Melody Smith, Gregory Sims, John Bent, and Brett Everidge ("Appellees"). Appellant claimed that one of his parole conditions and two of his parole revocations were unconstitutional. The district court granted summary judgment to Appellees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).

Appellees are entitled to absolute immunity for the imposition of Appellant's challenged parole condition. Appellant contends that the special parole condition prohibiting contact with his fiancée violated clearly established law. However, a parole officer's quasi-judicial acts, including the establishment of a parole condition, are subject to absolute immunity. *Thornton v. Brown*, 757 F. 3d 834, 839-840 (9th Cir. 2013); *see also Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) ("Absolute immunity has also been extended to parole officials for the imposition of parole conditions…").

Appellant failed to "put forward specific, nonconclusory factual allegations" to establish that Appellee Smith harbored a retaliatory motive when initiating his 2011 and 2012 parole revocations. *Jeffers v. Gomez,* 267 F.3d 895, 903, 907 (9th

2

Cir. 2001)(internal citations omitted); *see Conner v. Heiman,* 672 F.3d 1126, 1130 n. 1 (9th Cir. 2012). Prior to the arrests, Appellee Sims warned Appellant that "bad things" would happen if he did not drop his litigation against the Parole Department. Appellant contends that his failure to drop this litigation led to retaliation in the form of his challenged parole revocations. However, the record shows Appellee Smith's reasonable belief that there had been a parole violation motivated her decision to initiate each arrest. *See Sherman v. U.S. Parole Comm'n*, 502 F.3d 869, 884 (9th Cir. 2007) (holding that parole officers need only a reasonable belief that a parole violation has occurred to arrest a parolee).

Appellant's threatening statement during a counseling session prompted his December 2011 parole revocation. As reported to Appellee Smith, Appellant stated, "Melody Smith? By the time I get done with her, she won't be singing any more melodies." This statement caused another parolee to call Smith and report it out of "concern for [Smith]'s welfare." The parolee also reported that Appellant made "several agitated and threatening statements regarding [Smith] and the Department of Parole Operations." The counselor in charge of the session confirmed the parolee's report to Smith. Noting that Appellant's criminal history included a charge for possession of a loaded firearm in public, Smith recommended Appellant's parole revocation for making a criminal threat.

3

Appellant now contends that he actually stated his "lawsuits" would stop Smith from "singing anymore melodies," and that this comment was made in jest. But Appellee Smith could have reasonably believed the reports of the parolee and the counselor. *See Reichle v. Howards*, 566 U.S. 658, 664 (2012).

Appellant's violation of his traveling parole condition prompted his April 2012 revocation. It is undisputed that Appellant left Alameda County to travel to the Federal Courthouse in San Francisco. It is also undisputed that Appellant did so without first receiving approval from his parole officer, as the conditions of his parole required.

Appellant presented no evidence implicating Appelles Sims, Bent, or Everidge in any of his constitutional claims.

**AFFIRMED.**